IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00218-KDB-DSC

RICHARD HIXSON,  )
 )
        Plaintiff,  )
 )
v.  )
 )
JANET PICHON HIXSON et. al.,  )
 )
        Defendants.  )

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court following pro se Plaintiff's failure to respond to "Defendant Lynn Hawkins' Motion to Dismiss" (document #4) filed July 22, 2022, or the Court's "Order [to Show Cause]" (document #6) entered on August 10, 2022.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for the Court's consideration.

Plaintiff's response to the Motion to Dismiss was initially due on August 5, 2022. When he failed to respond, the Court issued its Order to Show Cause. The Court ordered Plaintiff as follows:

> On or before September 12, 2022, Plaintiff shall file a response to the pending Motion to Dismiss and **SHOW CAUSE** why the Complaint should not be **DISMISSED**. Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this case **WITH PREJUDICE**.

Document #6 at 4 (emphasis in original).

In addition to addressing Plaintiff's apparent failure to prosecute this action, the Court also warned him that subject matter jurisdiction appeared to be lacking. Document #6 at 2-4. When an action lacks a proper basis for subject matter jurisdiction, it must be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

Plaintiff contends that federal subject matter jurisdiction here is based upon diversity of citizenship. This jurisdiction lies only if diversity among the parties is complete – that is, plaintiff and defendants are citizens of different states – <u>and</u> the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 187 (1990); <u>Strawbridge v. Curtiss</u>, 3 Cranch 267 (1806).

In determining whether subject matter jurisdiction exists for purposes of a Rule 12(b)(1) motion to dismiss, the court regards allegations in the pleadings as "mere evidence on the issue," and may consider evidence outside the pleadings without converting the motion to one for summary judgment. <u>RF&P RR. Co.</u>, 945 F.2d at 768; F.R.C.P. 12(d). "A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982) (citations omitted).

Plaintiff asserts three claims which arguably arise under state law: "reimbursement" of $37,582.92, intentional infliction of emotional distress and punitive damages. Even assuming arguendo that the amount in controversy is met, it is clear that this matter arose from a divorce proceeding in a Virginia state court, specifically a spousal support order and an ongoing equitable distribution action. Document #1 at 3.

Generally, domestic relations matters fall under the authority of the state courts because "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." <u>Perez v. Cuccinelli</u>, 949 F.3d 865, 875 (4th Cir. 2020) (quoting <u>Ojo v. Lynch</u>, 813 F.3d 533, 540 (4th Cir. 2016)). Consequently "[f]ederal courts will not hear divorce and custody cases even if they arise in diversity because of 'the virtually exclusive primacy ... of the States in the regulation of domestic relations.'" <u>United States v. Windsor</u>, 570 U.S. 744, 767 (2013) (quoting <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 714

(1992) (Blackmun, J., concurring in judgment)). Therefore, domestic relations actions are excepted from federal courts and remain under the exclusive jurisdiction of the states. See Ankebrandt, 504 U.S. at 693.

But the Supreme Court has construed this exception narrowly and found that it only applies in cases involving "issuance of a divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992). See also United States v. Johnson, 114 F.3d 476, 481 (4th Cir. 1997) ("domestic relations exception 'is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction.'")

The District Court has the inherent authority to dismiss a case for failure to prosecute and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Plaintiff has failed to respond to the Motion to Dismiss as well as the Show Cause Order. Accordingly, the Court concludes that any sanctions short of dismissal would not be effective. Moreover, there is no basis for subject matter jurisdiction over this state court domestic relations matter.

Accordingly the undersigned respectfully recommends that this matter be <u>dismissed</u> for lack of subject matter jurisdiction and for failure to prosecute, as well as the other reasons stated in Defendant Hawkins' Motion and brief.

### <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Lynn Hawkins' Motion to Dismiss" (document #4) be **GRANTED** and that the Complaint be **DISMISSED**.

### <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to <u>pro se</u> Plaintiff, counsel for Defendants, and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: September 16, 2022

David S. Cayer
United States Magistrate Judge